COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Jerry Dwight Shinard v. The State of Texas

Appellate case numbers:   01-16-00333-CR

Trial court case numbers:   1357910

Trial court:                         176th Judicial District Court of Harris County

A jury convicted appellant, Jerry Dwight Shinard, of the first-degree felony offense of murder, and the trial court, The Honorable Leslie Yates, visiting judge, assessed his punishment at ten years' confinement. Appellant's appointed trial counsel, Robert Kent Loper, timely filed a notice of appeal, which included a motion to withdraw and appellant's request for appointment of appellate counsel and a free appellate record. The trial court certified that this is not a plea-bargain case and that appellant has the right to appeal in the above trial court case.

The trial court further granted trial counsel's motion to withdraw and found that appellant is indigent for the purpose of employing counsel or paying for the clerk's and the reporter's records. The trial court did not grant appellant's motion to appoint appellate counsel, but also did not appoint an attorney to represent appellant on appeal. In addition, the clerk's record filed in this Court does not contain an order appointing counsel to represent appellant for purposes of this appeal. The trial clerk's letter of assignment assigning appellant's notice of appeal to this Court listed "TO BE DETERMINED" as appellate attorney of record and was not updated in the clerk's record. Thus, because no attorney has appeared in this Court on appellant's behalf, on July 12, 2016, a late-brief notice was sent by the Clerk of this Court to the *pro se* appellant, with no timely response filed.

Based on the trial court's finding that appellant is indigent for the purpose of employing counsel, appellant is entitled to court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1), 26.04(p) (West Supp. 2015). Accordingly, the Court sua sponte **abates** this appeal, **remands** the cause to the trial court, and directs the trial court to appoint counsel, at no expense to appellant, to represent appellant

on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1); 26.04(a), (b)(1), (c), (p).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's order appointing counsel to represent appellant for purposes of this appeal with this Court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record containing the trial court's order appointing appellate counsel is filed with the Clerk of this Court. This Court will also consider a motion to reinstate filed by either party.

It is so ORDERED.

Judge's signature: /s/ <u>Laura Carter Higley</u>
                         ☒  Acting individually

Date: July 28, 2016